# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| DEBORAH LYNN SWINT, ) | CASE NO. 06-62593 |
| ) | |
| Debtor. ) | JUDGE RUSS KENDIG |
| ) | |
| ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT INTENDED FOR** |
| ) | **PUBLICATION)** |
| ) | |

Deborah Lynn Swint (hereafter "Debtor") filed a chapter 7 petition on December 15, 2006. On the same date, Debtor filed a motion seeking an extension of the time to obtain the prefiling credit counseling required by 11 U.S.C. § 109.

The court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and

    (iii) is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement.

  According to Debtor's motion, the exigent circumstances include an imminent foreclosure of her home, on or about December 5, 2006, as well as a threatened car repossession. Debtor also states she only realized the severity of her financial problems following her husband's recent departure. She alleges that, prior to filing the petition, she "attempted to obtain appointments at 2 counseling companies beginning on December 6th, 2006 but was unable to in time to also be able to file this bankruptcy petition before the date needed to file this in order to halt the mortgage company from moving forward to take my home."

  As an initial matter, the court will address the form of the request. Debtor has submitted an unverified motion seeking a waiver under section 109(h)(3)(A). The Bankruptcy Code indicates that debtor must submit a "certification" to the court. At least one court found that an unverified motion is not a "certification" for the purposes of 11 U.S.C. § 109(h)(3)(A). *See* In re Hubbard, 332 B.R. 285 (Bankr. S.D. Tex. 2005). Other courts require the "certification" to be sworn under the penalty of perjury. *See, e.g.,* In re LaPorta, 332 B.R. 879 (Bankr. D. Minn. 2005); In re Wilson, 346 B.R. 59 (Bankr. N.D.N.Y. 2006) *cf.* In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005). Upon review, the court agrees that an unverified motion is not a sufficient "certification" for the purposes of 11 U.S.C. § 109(h)(3). At a minimum, the certification should include admissible evidence, such as sworn statements, to support the facts presented in furtherance of debtor's request. Therefore, Debtor's motion will be denied.

  Even if Debtor submitted a proper certification, the outcome would not change. Although the court is of the opinion that section 109(h)(3) motions are to be reviewed on a case-by-case basis, the court would generally tend to consider an imminent foreclosure sale as an exigent circumstance. However, Debtor has failed to make such a showing in this instance. Debtor's motion indicates the sale was scheduled on or about December 5, 2006, yet the petition was not filed until ten days later, on December 15, 2006. If the foreclosure did occur on December 5, 2006, the filing was too late to stop the foreclosure, thereby eliminating the exigency.

  With regard to the second element, Debtor does not reference which agencies she contacted, nor does she provide information on the dates that were available for the credit counseling. It is not clear that the agencies contacted were approved agencies, nor is it clear that the counseling could not be obtained in the five day period following the request, or in the ten days between the request and the filing. Two attempts, in the same day, to obtain the credit counseling have been found to be unsatisfactory. *See* In re Postlethwait, 2006 WL 3057268 (Bankr. W.D. Pa. 2006) (reporter citation not yet available). The court finds Debtor failed to demonstrate the elements set forth in the second prong and further concludes that the explanations for both prongs one and two have not been satisfactorily explained. Therefore the court will deny the motion.

  Pursuant to 11 U.S.C. § 109(h)(1), an individual may not be a debtor unless he or she completed a briefing ("briefing") outlining the opportunities for credit counseling and assisting in performing a related budget analysis in the 180 days prior to filing the petition.

The language of the statutes is clear that this must be completed <u>before</u> filing the petition or the individual does not qualify to be a debtor. In light of Debtor's motion, it is clear Debtor has failed to satisfy this requirement and is therefore ineligible to be a debtor. Debtor's case will dismissed.

Debtor is advised that this decision, and the resulting dismissal, does not relieve her of the obligation to pay the filing fee in full as set forth in the order on December 15, 2006.

An order in accordance with this decision shall be entered forthwith.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

DEC 27 2006

**Service List**:

Deborah Lynn Swint
1514 E. Smithville Western Road
Wooster, OH 44691

Anthony J. DeGirolamo
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114